**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES BRADY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 2:22-cv-05051-GAM |
| | : | |
| SANTANDER CONSUMER USA and PLATINUM | : | |
| MOTORS GROUP LLC | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT SANTANDER CONSUMER USA INC.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Santander Consumer USA

Inc. ("SC") respectfully moves this Court for an order dismissing Plaintiff Charles Brady's

Complaint.  In support, SC relies on and incorporates by reference the contemporaneously filed

Memorandum of Law and any oral argument that may be held.  SC respectfully requests oral

argument on this motion.

Respectfully submitted,

/s/ *Breeana J. Somers*
Breeana J. Somers (325952)
**Duane Morris LLP**
30 South 17th Street
Philadelphia, PA 19103
BJSomers@duanemorris.com
Tel: (215) 979-1864
Fax: (215) 754-4319

Dated:  January 23, 2023                    *Attorneys for Defendant Santander Consumer
USA Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES BRADY | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Case No.: 2:22-cv-05051-GAM |
| SANTANDER CONSUMER USA and PLATINUM | : |
| MOTORS GROUP LLC | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANT SANTANDER CONSUMER USA INC.'S MEMORANDUM OF LAW**
**SUPPORTING ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Respectfully submitted,

/s/ *Breeana J. Somers*
Breeana J. Somers (325952)
**Duane Morris LLP**
30 South 17th Street
Philadelphia, PA 19103
BJSomers@duanemorris.com
Tel: (215) 979-1864
Fax: (215) 754-4319

Dated:  January 23, 2023

*Attorneys for Defendant Santander Consumer USA Inc.*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................. 1

II.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY.................................. 1

III.   LEGAL ARGUMENT............................................................................. 2

      A.    Rule 12(b)(6) Compels Dismissal of the Complaint. ................................2

      B.    The Complaint Fails to State a Claim for Violation of the TILA..........................3

      C.    The Complaint Fails To State a Claim For Violation of the FDCPA.....................4

      D.    The Complaint Fails to State A Claim For Violation of the FCRA........................5

      F.    The Complaint Should Be Dismissed Without Leave to Amend ...........................7

IV.   CONCLUSION..................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ALA. Inc., v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir. 1994) ....................................................2

*Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) ...............................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................................2

*Baker-Grant v. Bank of Am., N.A.*, 22-CV-87, 2022 WL 2974900 (E.D. Pa. July 26, 2022) .............................................................................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................2

*Bonilla v. Am. Heritage Fed. Credit Union*, CV 20-2053, 2020 WL 2539197 (E.D. Pa. May 19, 2020) .................................................................................................4

*Cushing v. Student Loan Mktg. Ass'n*, CV 16-595, 2016 WL 5390644 (E.D. Pa. Sept. 27, 2016) ................................................................................................................5

*Doug Grant, Inc. v. Greater Bay Casino Corp.*, 232 F.3d 173 (3d Cir. 2000)...............2

*Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002) .....................................7

*Grooms v. Discover Fin. Serv.*, 21-CV-4265, 2021 WL 6072809 (E.D. Pa. Dec. 22, 2021) ..........................................................................................................................4

*Gurreri v. Adams Cty. Prison*, No. 3:CV-07-2198, 2008 WL 170599 (M.D. Pa. Jan. 17, 2008) ................................................................................................................7

*Hassel v. Centric Bank*, 1:19-CV-02081, 2020 WL 2991999 (M.D. Pa. June 4, 2020) ...............................................................................................................................6

*Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017) .......................... 4-5

*Lalonde v. Bank of Am., N.A.*, CV 16-1586, 2016 WL 7734690 (W.D. Pa. Dec. 15, 2016) ..........................................................................................................................6

*Lassiter v. DRC-Gaudenzia*, CIV.A. 14-4130, 2015 WL 1621375 (E.D. Pa. Apr. 9, 2015) ...........................................................................................................................2

*Lewis v. Capital One Bank*, CV 21-5524, 2022 WL 16553380 (E.D. Pa. Oct. 31, 2022) ...............................................................................................................................5

*McCracken v. Exxon/Mobil Co.*, No. CIV.A. 08-2932, 2009 WL 3822041 (E.D. Pa. Nov. 12, 2009) ..........................................................................................................2

*McDowell v. Delaware State Police*, 88 F.3d 188 (3d Cir. 1996) .................................2

*Mount v. Peruzzi of Langhorne LLC*, CV 21-2166, 2021 WL 3708714 (E.D. Pa. Aug. 20, 2021) ....................................................................................................4

*Nichols v. Mid--Penn Consumer Discount Co.*, 1989 WL 46682 (E.D. Pa. Apr. 28, 1989) ...................................................................................................................3

*Richardson v. PECO Energy*, CV 22-3485, 2022 WL 4225596 (E.D. Pa. Sept. 13, 2022) ...................................................................................................................5

*Scott v. Cohen*, 528 Fed.Appx. 150 (3d Cir. 2013)............................................................6

*Story v. Citizens Bank*, CV 17-29, 2017 WL 3173034 (W.D. Pa. June 28, 2017) ............6

*Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246 (3d Cir. 1980) .........................................3

*Walsh v. Mariani*, CV 16-1269, 2016 WL 3704868 (M.D. Pa. July 12, 2016)................3

*Wright v. Mid--Penn Consumer Discount Co.*, 133 B.R. 704 (E.D. Pa. 1991) ...............3

**Statutes**

15 U.S.C. § 1601 .........................................................................................................1, 3

15 U.S.C. § 1632(a) .........................................................................................................3

15 U.S.C. § 1638(a) .........................................................................................................3

15 U.S.C. § 1638(b)(1) ....................................................................................................3

15 U.S.C. § 1681 ..............................................................................................................1

15 U.S.C. § 1681s-2(b) ....................................................................................................6

15 U.S.C. § 1681s-2(b)(1) ...............................................................................................6

15 U.S.C. § 1692 ..............................................................................................................1

15 U.S.C. § 1692a(6) .......................................................................................................4

**Other Authorities**

12 C.F.R. § 226.17(a)(1)..................................................................................................3

Fed. R. Civ. P. 12(b)(6)................................................................................................2-3

## I.      INTRODUCTION

Plaintiff Charles Brady ("Plaintiff") alleges, *inter alia*, that Santander Consumer USA Inc. ("SC") violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1681, *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1692, *et. seq.* ("FCRA").   As set forth below, Plaintiff's claims are insufficient as a matter of law.   Accordingly, Plaintiff's claims against SC should be dismissed with prejudice.

## II.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Because this matter comes before the Court on a motion under 12(b)(6), SC recites the facts as they are alleged in the Complaint.   In so doing, SC does not concede the truth of any of the alleged facts or the merits of any of the legal claims that Plaintiff asserts in the Complaint.

On March 9, 2022, Plaintiff purchased a used 2015 Mercedes-Benz E-Class (the "Vehicle") from Platinum Motors Group LLC (the "Dealer") pursuant to a Retail Installment Sales Contract ("Contract") dated March 9, 2022.   Compl., Exhibit A.   The Contract was immediately assigned to SC.   *Id*.   Plaintiff agreed to make a down payment of $7,000 on the Vehicle's purchase price of $72,720.16.   *Id*.   Plaintiff also agreed to finance $37,223.20 at an APR of 21.00%, and agreed to a finance charge of $28,496.96.   *Id*.   Plaintiff agreed that he would make 72 monthly payments of $912.78 with the first payment to be made on April 8, 2022.   *Id*.   Plaintiff also agreed that there was no "cooling off" or cancellation period for the sale of the Vehicle.   *Id*.   ("State law does not provide for a "cooling off" or cancellation period for this sale.   After you sign this contract, you may only cancel it if the seller agrees or for legal cause.   You cannot cancel this contract simply because you change your mind…").

Plaintiff sent SC and Dealer a "right of rescission notice", "debt validation letter", and "cease and desist letter" in August 2022.   Compl. p. 3.   Dealer received these letters on September 8, 2022.   *Id*.   SC received these letters on September 12, 2022.   *Id*.   SC responded to Plaintiff's

letters, but did not accept Plaintiff's purported rescission of the Contract. *Id*.

Based on this alleged conduct, Plaintiff asserts the following causes of action against SC: (1) violations of the TILA; (2) violations of the FDCPA; and (3) violations of the FCRA.  Plaintiff claims that SC's conduct caused him to suffer "mental anguish…as well as a lost of time and wages to handle this problem".  Compl. p. 4.

## III.   LEGAL ARGUMENT

### A.     Rule 12(b)(6) Compels Dismissal of the Complaint.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.") (internal citation omitted).

On a Rule 12(b)(6) motion, all factual allegations in the complaint are taken as true; but, the court "need not accept as true unsupported conclusions and unwarranted inferences."  *Doug Grant, Inc. v. Greater Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000).  Moreover, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."  *Iqbal,* 556 U.S. at 686; *Twombly*, 550 U.S. at 555; *Lassiter v. DRC-Gaudenzia*, CIV.A. 14-4130, 2015 WL 1621375, at *3 (E.D. Pa. Apr. 9, 2015) ("[T]he plaintiff's pleadings . . . must contain facts sufficient to make the claims plausible").

Claims by *pro se* litigants may be dismissed under Rule 12(b)(6), "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3d Cir. 1996) (internal citations omitted); *ALA. Inc., v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *McCracken v. Exxon/Mobil Co.*, No. CIV.A. 08-2932, 2009 WL 3822041, at *5 (E.D. Pa. Nov. 12, 2009) (dismissing *pro se*

complaint under Rule 12(b)(6) for failure to allege sufficient facts); *see also Walsh v. Mariani*, CV 16-1269, 2016 WL 3704868, at *2 (M.D. Pa. July 12, 2016) (dismissing *pro se* complaint as "legally baseless").

> **B.**     **The Complaint Fails to State a Claim for Violation of the TILA.**

The purpose of the TILA is to inform consumers of the true cost of credit:

> The Truth in Lending Act was passed primarily to aid the unsophisticated consumer so that he would not be easily misled as to the total costs of financing... Thus, the Act seeks to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various terms available to him and avoid the uninformed use of credit.

15 U.S.C. § 1601; *Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246, 248 (3d Cir. 1980) (internal citations omitted).

The TILA and its implementing Regulation Z require lenders to disclose to consumers certain material terms clearly and conspicuously in writing, in a form that the consumer may examine and retain for reference.  *See* 15 U.S.C. § 1638(b)(1); 12 C.F.R. § 226.17(a)(1); *Wright v. Mid--Penn Consumer Discount Co.*, 133 B.R. 704, 707-08 (E.D. Pa. 1991).  *See also Nichols v. Mid--Penn Consumer Discount Co.*, 1989 WL 46682, at *3 (E.D. Pa. Apr. 28, 1989) ("[T]he TILA and Reg. Z ... guarantee ... meaningful disclosure of credit terms by requiring the creditor to give the borrower a Disclosure Statement specifying the credit terms in clear and straightforward language.")

The material terms that must be disclosed include **the amount financed, the finance charge, the annual percentage rate, the payment schedule, and the total of payments**, and are referenced in 15 U.S.C. §§ 1632(a) and 1638(a).

The Complaint does not allege that Plaintiff did not receive a disclosure required by TILA sections 1632(a) and 1638(a). Further, Plaintiff offers no specifics on how the disclosures he received via the Contract were incomplete, misleading, or difficult to understand, which dooms

his TILA claim. *Mount v. Peruzzi of Langhorne LLC*, CV 21-2166, 2021 WL 3708714, at *7 (E.D. Pa. Aug. 20, 2021); s*ee Bonilla v. Am. Heritage Fed. Credit Union*, CV 20-2053, 2020 WL 2539197, at *7 (E.D. Pa. May 19, 2020).

### C.    The Complaint Fails To State a Claim For Violation of the FDCPA.

 The Complaint fails to state a plausible claim for violation of the FDCPA fails and should be dismissed for two reasons.

***First,*** the FDCPA claim fails because SC is not a "debt collector" under the FDCPA.  The FDCPA defines a "debt collector", in relevant part, as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6); *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017) ("[B]y its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself.").  The FDCPA does not apply to creditors collecting debts in their own name.  *See Baker-Grant v. Bank of Am., N.A.*, 22-CV-87, 2022 WL 2974900, at *1 (E.D. Pa. July 26, 2022) ("Organizations collecting on debt that they themselves own are not viewed as "debt collectors" under the FDCPA.").  Indeed, the FDCPA "permits creditors, through their officers or employees, to collect its own debts, in its own name, without subjecting itself to the provisions of FDCPA." *Grooms v. Discover Fin. Serv.*, 21-CV-4265, 2021 WL 6072809, at *3 (E.D. Pa. Dec. 22, 2021) (citing 15 U.S.C. §1692a(6)(A)) (internal quotations and citations omitted).  In short, the FDCPA does not apply to a creditor collecting a debt owed to itself.

Here, SC is a creditor, not a debt collector, and the Complaint fails to allege any facts showing that SC is a debt collector.  *See Henson*, 137 S. Ct. at 1721–22 (SC not a "debt collector" under the FDCPA where it purchased a retail installment account prior to default and collected the

debt in its own name). Because Plaintiff did not – and cannot plausibly – allege SC was a "debt collector," Plaintiff's FDCPA claim should be dismissed. *See Lewis v. Capital One Bank*, CV 21-5524, 2022 WL 16553380, at *4 (E.D. Pa. Oct. 31, 2022) (dismissing FDCPA claim where plaintiff did not plead sufficient facts to demonstrate that defendant was a debt collector under the FDCPA, reasoning that, "[e]ven construing the Plaintiff's Complaint liberally, the facts indicate that Defendant is a 'creditor' rather than a 'debt collector.'"); *Richardson v. PECO Energy*, CV 22-3485, 2022 WL 4225596, at *3 (E.D. Pa. Sept. 13, 2022) (finding that PECO was not a debt collector because it was not collecting a debt for a third party).

*Second,* even if SC were a "debt collector" such that the FDCPA applied, the Complaint fails to plausibly allege a violation of the FDCPA. Nowhere does the Complaint identify any specific communications, the nature of such communications, dates of communications, or any other pertinent details. Conclusory statements of this nature are insufficient to plausibly allege a FDCPA violation. *See Cushing v. Student Loan Mktg. Ass'n*, CV 16-595, 2016 WL 5390644, at *1 (E.D. Pa. Sept. 27, 2016) (dismissing FDCPA claim at the motion to dismiss stage because plaintiff failed to plead "factual allegations about the origin, content, or nature of [improper communications]").

### D.    The Complaint Fails to State A Claim For Violation of the FCRA.

The Complaint fails to state a plausible claim for violation of the FCRA and should be dismissed for two reasons. *First,* the claim fails because the Complaint does not allege that Plaintiff disputed credit information to a credit reporting agency ("CRA"), and that such CRA notified SC about the dispute, which is a prerequisite for maintaining a claim against SC.

To state a § 1681s-2(b) claim against a furnisher of information (like SC), a plaintiff must allege that: (1) he notified a CRA of a dispute related to his credit information; (2) the CRA then notified the furnisher of the information about the dispute; and (3) the furnisher failed to fulfill the

obligations enumerated in § 1681s-2(b)(1).  *Hassel v. Centric Bank*, 1:19-CV-02081, 2020 WL 2991999, at *3 (M.D. Pa. June 4, 2020); *Story v. Citizens Bank*, CV 17-29, 2017 WL 3173034, at *6 (W.D. Pa. June 28, 2017); *Lalonde v. Bank of Am., N.A.*, CV 16-1586, 2016 WL 7734690, at *3 (W.D. Pa. Dec. 15, 2016).  In other words, a furnisher's duty to investigate is not triggered until it receives notification of a dispute from a CRA.  *See, e.g., Story,* 2017 WL 3173034, at *6 (dismissing FCRA claim at motion to dismiss stage because plaintiff failed to allege that she "gave prior notice to a credit reporting agency, that the credit reporting agency gave notice to the bank and that the bank failed to investigate."); *Lalonde*, 2016 WL 7734690, at *3 (same).

Here, the Complaint makes no allegation that Plaintiff contacted a CRA to dispute the credit reporting on his SC account, nor that SC received notice of a dispute from a CRA.  *See generally* Compl.  Thus, Plaintiff's FCRA claim should be dismissed. *Hassel*, 2020 WL 2991999, at *3; *Story*, 2017 WL 3173034, at *6; *Lalonde*, 2016 WL 7734690, at *3.

**Second**, the Complaint fails to adequately allege (i) how SC was reporting; (ii) why the credit reporting was inaccurate; or (iii) how Plaintiff was damaged.  While *pro se* complaints in the Eastern District of Pennsylvania must be liberally construed, they still must raise some semblance of a cognizable claim.  *Scott v. Cohen*, 528 Fed.Appx. 150, 152 (3d Cir. 2013) ("Although *pro se* pleadings are to be liberally construed, they must state a "plausible claim for relief to survive[ ] a motion to dismiss.") (citing *Iqbal*, 556 U.S. at 679).

Here, the Complaint makes only vague allegations that SC "damage[ed] affiant reputation by furnishing a debt is owed."  Compl. p. 14.  But the Complaint fails to allege how the credit reporting on Plaintiff's SC account was inaccurate.  Without allegations as to claimed inaccurate credit reporting, the Complaint fails to state a plausible claim for violation for the FCRA and should be dismissed.

**F.      The Complaint Should Be Dismissed Without Leave to Amend**

*Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *see, e.g.*, *Gurreri v. Adams Cty. Prison*, No. 3:CV-07-2198, 2008 WL 170599, at *2 (M.D. Pa. Jan. 17, 2008) (affording the plaintiff an opportunity to amend his complaint after inappropriately naming the county prison as a defendant). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recovery is properly dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  In this matter, for the reasons discussed, SC cannot be held liable for alleged violations of the TILA, FDCPA, or FCRA.  Accordingly, the Complaint should be dismissed in its entirety with prejudice without leave to amend.

**IV.      CONCLUSION**

For the foregoing reasons, SC respectfully requests that the Court grants its Motion to Dismiss and dismisses Plaintiff's claims against SC with prejudice.

Respectfully submitted,

/s/   *Breeana J. Somers*
Breeana J. Somers (325952)
**Duane Morris LLP**
30 South 17th Street
Philadelphia, PA 19103
BJSomers@duanemorris.com
Tel: (215) 979-1000
Fax: (215) 979-1020

Dated:  January 23, 2023                    ***Attorneys for Defendant Santander Consumer USA Inc.***

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES BRADY | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 2:22-cv-05051-GAM |
| | : |
| SANTANDER CONSUMER USA and PLATINUM | : |
| MOTORS GROUP LLC | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

Upon consideration of Defendant Santander Consumer USA Inc.'s Motion to Dismiss Plaintiff's Complaint, and any opposition;

It is hereby ORDERED on this ___ day of _____, 2023, that Defendant Santander Consumer USA Inc.'s Motion to Dismiss is GRANTED and that Plaintiff's Complaint is DISMISSED WITH PREJUDICE as to Santander Consumer USA Inc.

_____
Judge Gerald Austin McHugh, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that, on January 23, 2023, a true and correct copy of Santander Consumer USA Inc.'s Motion to Dismiss was filed via the Court's Electronic Case Filing (ECF) system and that the document is available thereon for viewing and downloading.  By so filing the foregoing document, I caused it to be served, via the Court's ECF system, upon all counsel of record.  For the parties who do not have counsel listed on record, a copy will be served on them via U.S. First Class mail as follows:

> Charles Brady (*Pro Se*)
> 316 East Elwood Street
> Philadelphia, PA 19144

.

/s/  *Breeana J. Somers*
Breeana J. Somers