IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BRADY,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA and PLATINUM MOTORS GROUP LLC<br><br>DEFENDANTS. | Civil Action No.2:22-cv-05051-GAM |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISSMISS OF PLAINTIFF'S COMPLAINT**

Plaintiff, Charles Brady ("Plaintiff") files this Opposition to the Motion to Dismiss (the "Motion") filed by Defendant Santander Consumer USA Inc. ("SC") As will be set forth more fully below, SC Motion should be denied based on the irrelevant material and unobservant statements provided in the Motion and Memorandum of Law against the complaint.

### I.     INTRODUCTION

Defendant Santander Consumer USA Inc. ("SC") violated 15 USC 1635 Right of rescission but SC stated "15 U.S.C. § 1601, *et seq.* ("TILA")" in the Motion. The Fair Debt Collection Practices Act, 15 USC 1692, *(*"FDCPA"), SC asserted "the Fair Debt Collection Practices Act, 15 U.S.C. § 1681, *et seq.* ("FDCPA")" in the Motion and the Fair Credit Reporting Act, 15 USC 1681, ("FCRA"). But SC also misused that law and put "the Fair Credit Reporting Act, 15 U.S.C. § 1692, *et. seq.* ("FCRA")". As set forth below, Plaintiff's claims are valid as a matter of law. Accordingly, Defendant SC Motion should be denied.

### II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 9, 2022, Plaintiff purchased a used 2015 Mercedes-Benz E-Class (the "Vehicle") from Platinum Motors Group LLC (the "Dealer") pursuant to a Retail Installment Sales Contract ("Form") dated March 9, 2022. Compl., Exhibit A. SC stated the Form was immediately assigned to them (SC). But where is the documentation that was provided to the consumer, that the Form was immediately assigned to them. Plaintiff was told in order to get credit to purchase the Vehicle he had to make a down payment of $7,000. The Vehicle's purchase price of $72,720.16. *Id.* Form also states a finance of $37,223.20 at an APR of 21.00%, and a finance

charge of $28,496.96. *Id*. Form additionally has conditions of 72 monthly payments of $912.78. Plaintiff sent SC and Dealer a "right of rescission notice", "debt validation letter", and "cease and desist letter" in August 2022. Compl. Exhibit A. Dealer received these letters on September 8, 2022 the notice went ignored. *Id*. SC received these letters on September 12, 2022. *Id*. SC responded to Plaintiff's letters but did not comply with Federal Law.

### III.   LEGAL ARGUMENT

#### A.  Claim for Violation of the TILA.

Pursuant to 15 USC 1605 "**(a)"Finance charge"** defined Except as otherwise provided in this section, the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit. The does not include charges of a type payable in a comparable cash transaction….." . Following that law Platinum Motors Group LLC was paid, and they should not use that payment as a comparable cash transaction. Due to the fact that Platinum Motors Group LLC was paid there was nothing to transfer to SC. Plaintiff was told in order to get credit to purchase the Vehicle he had to make a down payment of $7,000. That is a direct violation of 15 USC 16662 "**(2)**that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges

downpayments in that amount." Since Platinum Motors Group LLC was paid; what did they immediately assign to SC? Due to financial hardship and the Dealer committing fraud Plaintiff sent a Right of rescission. Harmonious to 15 UCS 1635 (b) "**(b)Return of money or property following rescission** When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court." Platinum Motors Group LLC did not provide Plaintiff with proper forms of Right of rescission. Pursuant to 15 USC 1635(f) "**(f)Time limit for exercise of right** An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this

section or any other disclosures required under this part have not been delivered to the obligor….." Meaning that Plaintiff has up to three years to rescind on this transaction. Platinum Motors Group LLC and SC ignored the notices so that is a violation of 15 USC 1635. Compl. Exhibit A.

### B. Claim For Violation of the FDCPA.

In the Motion SC stated "*First,* the FDCPA claim fails because SC is not a "debt collector" under the FDCPA." But in Exhibit A (page 16 of 216 pages Dkt #1. Exhibits) SC clearly states "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector." So, if SC is not a debt collector why did they send a letter in the mail claiming to be such? Also, A Retail Installment Sales Contract which should be described as a consumer credit transaction being as through a finance charge is involved. The Retail Installment Sales Contract is a direct violation of 15 USC 1692j Exhibit C (page 37 of 216 pages Dkt #1.). 15 USC 1692j Furnishing certain deceptive forms the law clearly states. "(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." Platinum Motors Group LLC was not participating in the collecting of the consumer's money. SC collected consumer's money on a monthly basis. Starting April 8, 2022. Compl., Exhibit B (page 35 of 216 pages Dkt #1. Exhibits) & Exhibit D (Dkt #1. Exhibits). SC stated the Form was immediately

assigned to them (SC). But where is the documentation that was provided to the consumer, that the Form was immediately assigned to them. Also, how can something that was already paid be assigned to someone else as a debt? SC was notified through the mail along with the notice of Right of rescission about the violations of 15 USC 1692, but SC ignored the notice and message  Compl., Exhibit B(page 20-23 of 216 pages Dkt #1. Exhibits) Continuing to take money from Plaintiff causing farther financial hardship Compl. Exhibit D-1 to Exhibit D-17 (Dkt  #1. Exhibits).

**C.  Claim For Violation of the FCRA.**

Plaintiff sent a dispute of credit information to a credit reporting agency ("CRA") on November 3, 2022. Compl. Exhibit E-1 (page 63-64 of 216 Dkt #1. Exhibits). Informing the credit reporting agency to delete the account based on the Right of rescission notice. Pursuant to 15 USC 1681s–2(F) " **(3) Duty to provide notice of dispute** If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." In addition to the dispute being sent through a CRA; SC was notified through the Consumer Financial Protection Bureau ("CFPB") of their credit reporting violations on November 28, 2022. Exhibit B (page 20-21 of 216 pages Dkt #1. Exhibits). But SC continued to furnish the information in December of 2022. . Compl. Exhibit E (pages 115-118, 149, 183 and 209 of 216 Dkt #1. Exhibits).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff, Charles Brady respectfully requests that this Court denies Defendant Motion to Dismiss.

Respectfully submitted,

*/s/ Charles Brady*
Signature Of Plaintiff

Charles Brady
Printed Named of Plaintiff

Date: January 30,2023

cb4brady@gmail.com