## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BRADY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 2:22-cv-05051-MRP |
| | : |
| SANTANDER CONSUMER USA and | : |
| PLATINUM MOTORS GROUP LLC | : |
| | : |
| Defendants. | : |
| | : |

## DEFENDANT PLATINUM MOTOR GROUP LLC'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Platinum Motor Group,

LLC ("PMG") hereby files this Motion to Dismiss Plaintiff's Complaint and, in support thereof,

relies on the accompanying Brief in Support thereof, which is incorporated herein by reference.


**Date**: February 10, 2023               Respectfully submitted,

                                      **ABRAMSON & ABRAMSON, LLC**

                                      Dennis L. Abramson, Esq.
                                      Two Bala Plaza – Suite 300
                                      Bala Cynwyd, PA 19004
                                      Tel. (610) 664-5700
                                      Fax. (610) 664-5770
                                      *Attorneys for Defendant*
                                      *Platinum Motor Group, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES BRADY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 2:22-cv-05051-MRP |
| | : |
| SANTANDER CONSUMER USA and | : |
| PLATINUM MOTORS GROUP LLC | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANT PLATINUM MOTOR GROUP LLC'S BRIEF IN**
**SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Respectfully submitted,

**ABRAMSON & ABRAMSON, LLC**

BY:

Dennis L. Abramson, Esq.
Two Bala Plaza – Suite 300
Bala Cynwyd, PA 19004
Tel. (610) 664-5700
Fax. (610) 664-5770
*Attorneys for Defendant*
*Platinum Motor Group, LLC*

**Date**: February 10, 2023

## **<u>TABLE OF CONTENTS</u>**

I.      INTRODUCTION……………………………………………………………   1

II.     PROCEDURAL AND FACTUAL BACKGROUND…………………………   1

III.    STANDARD OF REVIEW……………………………………………………   2

IV.     ARGUMENT………………………………………………………………...   3

      1.      Plaintiff Has Failed to State a Claim Against PMG for Violation
           of the Truth in Lending Act ("TILA")…………………………………..   4

          a.   Plaintiff Cannot State a Claim
               for Violation of 15 U.S.C.A. §1635(a)………………………………   4

          b.   Plaintiff Cannot State a Claim
               for Violation of 15 U.S.C.A. §1662…………………………………   5

          c.   Plaintiff Cannot State a Claim for Violation
               of 15 U.S.C. §1605 or Any Other Violation of the TILA……………   6

      2.      Plaintiff Has Failed to State a Claim Against PMG for Violation
           of §1692j of the Fair Debt Collection Practices Act ("FDCPA")………..   9

      3.      Plaintiff Has Failed to State a Claim Against PMG for Violation
           of the Fair Credit Reporting Act ("FCRA")…………………………   11

      4.      Plaintiff Should Not be Granted Leave to Amend……………………..   11

V.      CONCLUSION………………………………………………………………..   12

Proposed Order

Certificate of Service

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                                                <u>PAGE</u>

<u>Ashcroft v. Iqbal</u>,
556 U.S. 662, 678 (2009)……………………………………………….                          2, 3

<u>Bell Atl. Corp. v. Twombly</u>,
550 U.S. 544, 570 (2007)……………………………………………….                          2, 3

<u>Collins v. Morgan Stanley Dean Witter</u>,
224 F.3d 496, 498-99 (5th Cir. 2000)…………………………………………                 3

<u>Eid v. Thompson</u>,
740 F.3d 118, 122 (3d Cir. 2014)…………………………………………..                      2

<u>Franceshi v. Mautner-Glick Corp.</u>,
22 F.Supp.2d 250, 256 (S.D.N.Y. 1998)…………………………………..                     10

<u>Greenspan v. Platinum Healthcare Grp., LLC</u>
No. 20-cv-5874, 2021 WL 978899 at *3 (E.D.Pa. Mar. 16, 2021)…………          11

<u>Hardaway v. Toyota Fin. Servs.</u>,
No. 4:21-CV-194-KPJ, 2022 WL 317758 at *3 (E.D.Tex. Feb 2, 2022)….         5

<u>Hishon v. King & Spalding</u>
467 U.S. 69, 73 (1984)…………………………………………………...                          3

<u>Hudson v. Scharf</u>,
No. C21-5827JLR, 2022 WL 1227111 at *2 (W.D.Wash. Apr. 25, 2022)…        5, 6

<u>Neitzke v. Williams</u>,
490 U.S. 319, 326-27 (1989)…………………………………………………                        3

<u>Orenbuch v. North Shore Health Systems, Inc.</u>,
250 F.Supp.2d 145, 150 (E.D.N.Y. 2003)…………………………………..                    10

<u>Phillips v. Cty. Of Allegheny</u>,
515 F.3d 224, 233 (3d Cir. 2008)…………………………………………..                      2

<u>Rossman v. Fleet Bank (R.I.) N.A.</u>,
280 F.3d 384, 389 (3d Cir. 2022)…………………………………………..                      4

<u>Rumpler v. Phillips & Cohen Assoc., Ltd.</u>,
219 F.Supp.2d 241, 260 (E.D.N.Y. 2002)…………………………………..                    10

<u>Thompson v. Real Estate Mortg. Network,</u>
748 F.3d 142, 147 (3d Cir. 2014)…………………………………………   3

<u>Walker v. U.S. Bank,</u>
No. 3:21-cv-758, 2021 WL 5701498 at *3 (N.D. Tex. Nov. 1, 2021)………   5

## **STATUTES, RULES AND OTHER AUTHORITIES**                   **PAGE**

12 C.F.R. §226………………………………………………………..   7

12 C.F.R. §226.18……………………………………………………   7

15 U.S.C. §1601……………………………………………………   4

15 U.S.C. §1602……………………………………………………   7

15 U.S.C. §1604……………………………………………………   7

15 U.S.C. §1605……………………………………………………   2, 4, 7, 8

15 U.S.C. §1635……………………………………………………   2, 4, 5

15 U.S.C. §1638……………………………………………………   7

15 U.S.C. §1662……………………………………………………   2, 4, 5, 6

15 U.S.C. §1962j……………………………………………………   2, 9, 10

Federal Rule of Civil Procedure 12(b)(6)……………………………..   2

## I.      INTRODUCTION

This lawsuit arises out of Plaintiff, Charles Brady's ("Plaintiff") purchase, on March 9, 2022, of a 2015 Mercedes-Benz E350 (the "Vehicle") from Moving Defendant, Platinum Motor Group, LLC ("PMG"). The Vehicle was financed through Co-defendant Santander Consumer USA ("Santander") pursuant to the terms and conditions of the Retail Installment Sale Contract Simple Finance Charge (the "Finance Contract") attached to Plaintiff's Complaint. (Dkt.#1-1 at Exhibit A, pp. 29-33 and Exhibit C.)

An untangling of Plaintiff's pleading reveals that it is riddled with misinterpretations and mischaracterizations of the law, irrelevant and insufficient facts, and implausible theories for relief. As set forth below, because the Finance Contract executed by Plaintiff (and attached to Plaintiff's Complaint) contains all required Truth in Lending Act (TILA) disclosures and otherwise complies with the law, and because no facts pleaded now or in the future could possibly impose liability upon Moving Defendant PMG of the type and kind sought, Plaintiff's claims against PMG should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action on December 19, 2022. (Dkt.#1.) On March 9, 2022, Plaintiff purchased the Vehicle from PMG. (*See* Complaint, Dkt. #1, at pp. 3-4.) Five months later, "due to financial hardship", Plaintiff sent Santander and PMG a variety of documents attempting to rescind his purchase of the Vehicle and renounce his obligations under the Finance Contract. (*Id.* at p.8.)  According to Plaintiff, notwithstanding his having sent the documents, Defendant Santander has "used [the Finance Contract] as a tool…to collect money from my checking account" once a month and continuing the present. (*Id.*) A liberal reading of Plaintiff's Complaint seems to indicate that Plaintiff is purporting to assert claims against Defendants for:

1. Violation of a Right of Recission pursuant to 15 U.S.C. §1635;[1]

2. Violation of the Truth in Lending Act (TILA)(specifically, 15 U.S.C. §1605[2] and §1662[3]);

3. Violation of the Fair Debt Collection Practices Act (FDCPA)(including 15 U.S.C. §1692j);[4] and

4. Violation of the Fair Credit Reporting Act (FCRA).[5]

(*See* Dkt.#1 at p.7.)

Once disentangled, the various strands of Plaintiff's Complaint fall woefully short of stating any cognizable claims against Defendant PMG. Because each of Plaintiff's claims against Moving Defendant PMG is factually and legally deficient on their face, all are subject to dismissal under Fed. R. Civ. P. 12(b)(6).

## III.   STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (*quoting* Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. Iqbal,

---

[1] Complaint, Dkt.#1 at p. 8; Dkt.#1-1 at p. 2.
[2] Complaint, Dkt.#1 at pp. 3 and 8-9; Dkt.#1-1 at Exhibit C.
[3] Complaint, Dkt.#1 at pp. 3 and 9-16 and Dkt.#1-1 at Exhibits C and D.
[4] Complaint, Dkt.#1 at p.3; Dkt.#1-1 at Exhibit C
[5] Complaint, Dkt.#1 at pp. 3 and 13-16; Dkt.#1-1 at Exhibit E.

556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); *see also* Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). In considering a motion filed pursuant to Rule 12(b)(6), a court may consider: (1) the pleadings and any attachment to the pleadings; (2) documents incorporated into the complaint by reference; and (3) documents that a defendant attaches to its motion to dismiss if those documents are referenced in the plaintiff's complaint and are central to the plaintiff's claim. *See* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000). When it appears from the face of the pleading that a plaintiff can prove no set of facts that would entitle her to relief, the court must dismiss the claims. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## IV.    ARGUMENT

In his Complaint, Plaintiff admits that he arranged for vehicle financing and that he signed the Finance Contract on March 9, 2022. (Complaint, Dkt#1, at p.3, Statement of Claim III(C); Finance Contract, Exhibit A, Dkt.#1-1 at pp. 29-33, and Exhibit C.) The Finance Contract is the singular operative document upon which Plaintiff's claims against PMG are based.

3

1. **Plaintiff Has Failed to State a Claim Against PMG for Violation of the Truth in Lending Act ("TILA")**

The Truth in Lending Act was enacted in order "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit…" <u>Rossman v. Fleet Bank (R.I.) Nat'l Ass'n</u>, 280 F.3d 384, 389 (3d Cir.2002) (*quoting* 15 U.S.C. § 1601). In his Complaint, Plaintiff states that he "noticed violations of the Truth in Lending Act (TILA) the contract is dated March 9, 2022." (Complaint, Dkt. #1 at Statement of Claim III(C).) A liberal reading of Plaintiff's Complaint permits the interpretation that Plaintiff is claiming violation by PMG of three (3) sections of the TILA:

> (a) §1635(a), relating to a claimed right of rescission and failure to notify Plaintiff of such right in the Finance Contract;
>
> (b) §1662, relating to the claim of advertising "a down payment is needed" in connection with the extension of credit; and
>
> (c) §1605, for the Finance Contract's alleged wrongful "comparing a finance charge and a cash transaction as being one in the same; when in fact they are non-comparable" and/or otherwise failing to provide finance charge disclosures required by law.

All of Plaintiff's claims fail.

### a. Plaintiff Cannot State a Claim for Violation of 15 U.S.C.A. §1635(a)

Plaintiff's first claim is that Moving Defendant PMG (and Defendant Santander) somehow violated the TILA when Defendants (a) failed to provide Plaintiff with notice of his right to rescission; and (b) failed to honor the notice of rescission sent to Defendants more than five (5) months after purchasing the Vehicle. (Dkt.#1, Complaint, at Statement of Claim III(C) and p. 8; Dkt.#1-1 at p. 2.) The TILA section cited and relied upon by Plaintiff -- 15 U.S.C.A. §1635(a) -- provides, in pertinent part:

> "In the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which **a security interest**, including any such interest arising by operation of law, **is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended**, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction…"

(Emphasis added.) Per the plain language of the statute, the right of rescission provided for under the TILA *only* applies to a "consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. §1635(a). Importantly, §1635 "provides no right of rescission where a security interest is taken in an automobile." Hudson v. Scharf, No. C21-5827JLR, 2022 WL 1227111, at *2 (W.D. Wash. Apr. 25, 2022). *See also* Hardaway v. Toyota Fin. Servs., No. 4:21-CV-194-KPJ, 2022 WL 317758, at *3 (E.D. Tex. Feb. 2, 2022) ("Plaintiff has not alleged facts showing that the TILA right to re[s]cission applies to Plaintiff's purchase of the [v]ehicle."); Walker v. U.S. Bank, No. 3:21-cv-758, 2021 WL 5701498, at *3 (N.D. Tex. Nov. 1, 2021) (dismissing the plaintiff's TILA claim because the TILA rescission provisions did not apply to the plaintiff's "purchase of a Chevrolet Silverado, a vehicle which does not qualify as a 'principal dwelling'").

Because Plaintiff had no entitlement to notice of a non-existent right of rescission in connection with the purchase of the Vehicle, Defendant PMG cannot be liable to Plaintiff for any perceived violation of §1635(a) of the TILA, and Plaintiff's claim in connection therewith should be dismissed.

### b.   Plaintiff Cannot State a Claim for Violation of 15 U.S.C.A. §1662

An additional grievance made by Plaintiff is that he was required to make a down payment. But the TILA does not prohibit a down payment. Instead, it provides, at §1662, in

pertinent part:

> "No advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state
>
> ******
>
> **(2)** that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount."

Clearly, the statute serves to regulate advertisements, not down payments.

Plaintiff's makes the singular, bald allegation that Defendant PMG "violated 15 U.S.C. §1662 by advertising a down payment is needed of the extension of consumer credit." (Complaint, Dkt.#1, p.8.) This conclusory statement is altogether unsupported by any fact contained in Plaintiff's pleading. Plaintiff provides no explanation regarding how any unidentified advertisement of PMG violated the law. Plaintiff cannot (and does not) allege the existence of or attach any advertisement in which PMG promotes a consumer can obtain credit provided a specified downpayment is made. Likewise, Plaintiff cannot (and does not) allege or provide anything tending to plausibly demonstrate that Defendant PMG advertised that credit would be extended to any consumer willing to make a $7,000 downpayment on the Vehicle. "A single cursory and conclusory allegation, which does not even describe any advertising practices, does not suffice to state a plausible claim under [§1662]". <u>Hudson v. Scharf</u>, 2022 WL 226077 at fn. 1 (dismissing, with prejudice, claim of violation of §1662 of TILA).

Plaintiff has failed to state a claim for violation of §1662 of the TILA, and Plaintiff's claim in connection therewith should be dismissed.

### c. Plaintiff Cannot State a Claim for Violation of 15 U.S.C. §1605 or Any Other Violation of the TILA

Under the authority of the TILA, the Federal Reserve Board has promulgated rules to

implement the statute. *See* 15 U.S.C. § 1604(a). These rules, found at 12 C.F.R. § 226 *et seq.*, are commonly known as "Regulation Z."  Together, the TILA and Regulation Z require lenders to make a series of material disclosures to borrowers for transactions that do not involve a continuing line of credit, such as the automobile transaction involved here.  *See* 15 U.S.C. § 1638 (listing required disclosures); 12 C.F.R. § 226.18 (listing required disclosures). "Material disclosures" is defined in §1602(u), as:

> "…the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, and the due dates or periods of payments scheduled to repay the indebtedness."

To comply with its TILA duties, a creditor must disclose, *inter alia*, the amount financed, an itemization of the amount financed and/or notify the consumer of its right to obtain an itemization of the amount financed, the finance charge, the annual percentage rate, the payment schedule, the total of payments, and the total sale price. *See* 15 U.S.C. § 1638. TILA requires a lender to disclose the "finance charge expressed as an annual percentage rate." 15 U.S.C. § 1638(a). Closed-end consumer credit transactions further require the accurate disclosure of the finance charge or the consumer's cost of credit. 15 U.S.C. §1683(a)(3); 12 C.F.R. §226.18(d). "Finance charge" is defined in §226.4(a) as a dollar amount, including:

> " * * * any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit. It does not include any charge of a type payable in a comparable cash transaction."

Plaintiff alleges that the Finance Contract violated 16 U.S.C. § 1605 by "comparing a finance charge and a cash transaction as being one in the same; when in fact they are non-comparable", further noting that "the amount of the finance charge in connection with any

consumer credit transaction shall be determined as the sum of all charges." (Dkt.#1, Complaint at Statement of Claim III(C) and p. 8.) However, the "comparison" Plaintiff proclaims a violation of TILA is, in fact, the precise disclosure that the TILA requires, *i.e.,* a disclosure detailing what the consumer would be required to pay if paying in cash vs. what the consumer will pay under the terms of the finance agreement. The required language is meant to instruct and inform the consumer to whom the credit is extended of the charges and payments that the consumer will be required to make that s/he would not have to make had the consumer paid cash. These charges, including interest, service charges, loan fees, and fees associated with pulling a credit report, are all examples of charges included in the finance charge. 15 U.S.C. §1605(a)(1), (2), (3), and (4).

 Here, the finance charge conspicuously appears **twice** on the Finance Contract. On the first page of the Finance Contract, it appears wrapped in bold border under the heading "Federal Truth-In-Lending Disclosures":

| FEDERAL TRUTH-IN-LENDING DISCLOSURES | | | | |
|---|---|---|---|---|
| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. | **FINANCE CHARGE** The dollar amount the credit will cost you. | **Amount Financed** The amount of credit provided to you or on your behalf. | **Total of Payments** The amount you will have paid after you have made all payments as scheduled. | **Total Sale Price** The total cost of your purchase on credit, including your down payment of $ 7,000.00 is |
| 21.00 % | $ 28,496.96 | $ 37,223.20 | $ 65,720.16 | $ 72,720.16 |
| | | | | (e) means an estimate |

| **Your Payment Schedule Will Be:** | | |
|---|---|---|
| Number of Payments | Amount of Payments | **When Payments Are Due** |
| 72 | $ 912.78 | Monthly beginning  04/08/2022 |

FILED COPY - UCC NON-AUTHORITATIVE COPY

(Dkt. 1-1, Exhibit C, p.1.) The very next page of the Finance Contract itemizes for Plaintiff the amount being financed. (*See* Dkt. 1-1, Exhibit C, p.2.) At the bottom of the page, the Finance Contract identifies the amount being financed by Plaintiff, the finance charge Plaintiff will incur

by entering into the Finance Contract, and the total sum that Plaintiff will pay, less his

downpayment, under the finance terms:

| | | |
|---|---|---|
| Total Other Charges and Amounts | $ | 37,223.20 (5) |
| 5  Amount Financed (3 + 4) | $ | 28,496.96 (6) |
| 6  Finance Charge | $ | 65,720.16 (7) |
| 7  Total of Payments-Time Balance (5 + 6) | | |

(*Id.*)

The face of the Finance Contract that Plaintiff has attached to his Complaint

demonstrates that Moving Defendant PMG made all required Truth in Lending Act disclosures.

The Finance Contract clearly and conspicuously discloses the terms of the finance charge, including

the annual percentage rate, amount financed, number of payments, total sale price, and itemization of

amount financed. (*See* Dkt.#1-1 at Exhibit A, pp. 29-33, and Exhibit C.) Those figures, as well as the

figure identifying the total amount of payments to be made by Plaintiff at the end of the term, are

all accurate.

Contrary to his bare and unsubstantiated allegations, Plaintiff can point to no violation of

TILA by PMG and, accordingly, Plaintiff's Truth in Lending Act Claim should be dismissed for

failure to state a claim upon which relief can be granted.

### 2. Plaintiff Has Failed to State a Claim Against PMG for Violation of §1692j of the Fair Debt Collection Practices Act ("FDCPA")

Plaintiff does not allege that PMG is a debt collector, nor that PMG has been part of any

attempt to collect a debt.[6] Plaintiff does, however, appear to allege that PMG violated §1962j of

the FDCPA, which provides, in pertinent part:

---

[6] In his opposition to Defendant Santander's Motion to Dismiss his Complaint (Dkt.#10), Plaintiff admits "[PMG] was not participating in the collecting of the consumer's [*i.e.,* Plaintiff's] money." (*Id.* at p.5.)

9

> "(a) It is unlawful to design, compile, and furnish any form
> knowing that such form would be used to create the false belief in
> a consumer that a person other than the creditor of such consumer
> is participating in the collection of or in an attempt to collect a debt
> such consumer allegedly owes such creditor, when in fact such
> person is not so participating."

(15 U.S.C. §1692j.) Plaintiff misinterprets, misconstrues, and misapplies this provision.

"The purpose of [§1692j] is to prevent the abusive practice known as 'flat-rating'."
Orenbuch v. North Shore Health Systems, Inc., 250 F.Supp.2d 145, 150 (E.D.N.Y. 2003), *citing*
Rumpler v. Phillips & Cohen Assoc., Ltd., 219 F.Supp.2d 241, 260 (E.D.N.Y. 2002) and
Franceshi v. Mautner-Glick Corp., 22 F.Supp.2d 250, 256 (S.D.N.Y. 1998). "A flat-rater is one
who sells to creditors 'dunning letters' bearing the letterhead of the flat-rater's collection agency
and extorting the debtor to pay the creditor at once. The flat-rater merely sells the dunning
letters and is not in the debt collection business. After purchasing these letters, the creditor send
them to his debtor in order to give the false impression of the existence of a third party debt
collector and to instill a sense of urgency in the debtor." *Id.*

Here, Plaintiff seems to contend that PMG has violated §1692j by furnishing the Finance
Contract to Plaintiff. However, the Finance Contract is neither an effort to collect a debt nor the
kind of "dunning letter" prohibited by §1692j; rather, it is a written agreement disclosing and
identifying the terms upon which the purchaser of an automobile will be extended credit.
Because Plaintiff cannot state a plausible or cognizable claim against PMG for violation of 15
U.S.C. §1692j, the claim must be dismissed. To the extent Plaintiff's Complaint is interpreted to
assert any other FDCPA violations against PMG, those claims fail for the reasons set forth in
Defendants Santander's Memorandum of Law in Support of Its Motion to Dismiss (Dkt.#9),
which PMG incorporates by reference as though the same were repeated herein.

### 3. Plaintiff Has Failed to State a Claim Against PMG for Violation of the Fair Credit Reporting Act ("FCRA")

Every allegation made in, and every document attached to, Plaintiffs' Complaint in support of his purported FCRA claim refers to Defendant Santander. To the extent the Court interprets any of Plaintiff's FCRA claims to be asserted against PMG, those claims fail for the reasons set forth in Defendants Santander's Memorandum of Law in Support of Its Motion to Dismiss (Dkt.#9), which PMG incorporates by reference as though the same were repeated herein.

### 4. Plaintiff Should Not be Granted Leave to Amend

Here, it would be futile to permit Plaintiff leave to amend his Complaint. Plaintiff's TILA claims are based on a misapprehension and misapplication of the statute, as well as a mischaracterization of the operative Finance Contract which, on its face, objectively complies with all requirements of TILA and Regulation Z. Laid bare, the Plaintiff's Complaint is nothing more than an attempt to assert every cause of action that he thinks remotely applicable to his situation in the hope that he will be successful on one of them. Pleadings, motions, and briefs are "not an opportunity for [parties] to throw things against the wall and see what sticks." Greenspan v. Platinum Healthcare Grp., LLC, No. 20-cv-5874, 2021 WL 978899, at *3 (E.D. Pa. Mar. 16, 2021).

The law does not permit Plaintiff to unilaterally cancel the deal he made in March 2022. No violations of the law have been committed. No flaws in Plaintiff's Complaint can be cured by amendment. No facts available to Plaintiff, now or in the future, save any of Plaintiff's claims.

## V.        CONCLUSION

For the reasons set forth hereinabove, Plaintiff's claims against Defendant PMG should

be dismissed, with prejudice.


**Date**:   <u>February 10, 2023</u>                    Respectfully submitted,

                                                 **ABRAMSON & ABRAMSON, LLC**

                                                 _____
                                                 Dennis L. Abramson, Esq.
                                                 Two Bala Plaza – Suite 300
                                                 Bala Cynwyd, PA 19004
                                                 Tel. (610) 664-5700
                                                 Fax. (610) 664-5770
                                                 *Attorneys for Defendant*
                                                 *Platinum Motor Group, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

——————————————————————
                                                    :
CHARLES BRADY,                                      :
                                                    :
              Plaintiff,                            :
                                                    :
      v.                                            :   Civil Action No. 2:22-cv-05051-MRP
                                                    :
SANTANDER CONSUMER USA and                          :
PLATINUM MOTORS GROUP LLC                           :
                                                    :
              Defendants.                           :
——————————————————————                              :

**ORDER**

AND NOW, this          day of                    , 2023, upon consideration of

Defendant Platinum Motor Group, LLC's Motion to Dismiss Plaintiff's Complaint, and any

response thereto, it is hereby ORDERED and DECREED that Defendant Platinum Motor Group,

LLC's Motion is GRANTED and that Plaintiff's Complaint is hereby DISMISSED WITH

PREJUDICE.


                                        BY THE COURT:


                                        ————————————————————
                                                                        J.

## <u>CERTIFICATE OF SERVICE</u>

I, DENNIS L. ABRAMSON, ESQUIRE, hereby certify that on February 10, 2023, a true and

correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint, with accompanying Brief

in Support and Proposed Order, was filed electronically with the Clerk of the United States

District Court for the Eastern District of Pennsylvania using CM/ECF, and a copy served via the

ECF notification system and/or first-class mail and/or e-mail, addressed as follows:

Mr. Charles Brady
316 E. Elwood Street
Philadelphia, PA 19144
cb4brady@gmail.com
*Pro Se*
*(Served via email and first class mail)*

Breeana J. Somers, Esq.
***Duane Morris LLP***
30 S. 17th Street
Philadelphia, PA 19103
215-979-1864
bsomers@duanemorris.com
*Attorney for Defendant Santander Consumer USA*
*(Served via ECF)*

DATE:  February 10, 2023

Dennis L. Abramson, Esquire