# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BRADY,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA AND PLATINUM MOTORS GROUP LLC<br><br>DEFENDANTS. | Civil Action No.2:22-cv-05051-GAM |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
PLATINUM MOTOR GROUP LLC'S
<u>MOTION TO DISMISS OF PLAINTIFF'S COMPLAINT</u>**

# TABLE OF CONTENTS

I.   INTRODUCTION........................................................................... 1

II.  PROCEDURAL AND FACTUAL BACKGROUND................... 1, 2

III. **REPLY ARGUMENT**...................................................... 2, 3, 4

    1.  Plaintiff Claim for Violation of 15 U.S.C. §1662..................... 3

    2.  Plaintiff Claim for Violation of 15 U.S.C. §1605..................... 3, 4

    3.  Plaintiff Claim for Violation of 15 U.S.C §1692j of the Fair Debt Collection Practices Act ("FDCPA") ........... 4

IV.  CONCLUSION............................................................................. 4

# STATUTES, RULES AND OTHER AUTHORITIES

15 U.S.C. §1601................................................................................ 3

15 U.S.C. §1605................................................................................ 3, 4

15 U.S.C. §1662................................................................................ 3

15 U.S.C. §1962j................................................................................ 4

I.     INTRODUCTION

Plaintiff, Charles Brady ("Plaintiff") files this Opposition to the Motion to Dismiss (the "Motion") filed by Platinum Motor Group, LLC ("PMG"). The extensions of credit for the Vehicle was through Co-defendant Santander Consumer USA ("SC") pursuant to the terms and conditions of the Retail Installment Sale Contract Simple Finance Charge (the "Form") attached to Plaintiff's Complaint. (Dkt.#1-1 at Exhibit A, pp. 29-33 and Exhibit C.) As will be set forth more fully below, PMG Motion should be denied based on the violations of Federal Law and negligence to their actions in the complaint.

II.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action on December 19, 2022. (Dkt.#1.) On March 9, 2022, Plaintiff purchased a used 2015 Mercedes-Benz E-Class (the "Vehicle") from PMG pursuant to a Retail Installment Sales Contract ("Form") dated March 9, 2022. (*See* Complaint, Dkt. #1, at pp. 3-4.) PMG told the Plaintiff in order to get credit to purchase the vehicle he had to make a down payment of $7,000. The Vehicle's purchase price of $72,720.16. Form also states a finance of $37,223.20 at an APR of 21.00%, and a finance charge of $28,496.96. Form additionally has conditions of 72 monthly payments of $912.78. Plaintiff sent PMG a "right of rescission notice", "debt validation letter", and "cease and desist letter" in August 2022. PMG received these letters on September 8, 2022 the notice went ignored. SC received these letters on September 12, 2022. SC responded to Plaintiff's letters but did not comply with Federal Law. (Dkt.#1-1 at Exhibit A, pp. 29-33 and Exhibit C.)

1

Plaintiff's Complaint gives a clear and concise presentation of the violations of the Truth in Lending Act (TILA) and the Fair Debt Collection Practices Act (FDCPA); PMG has committed.

1. Violation of the Truth in Lending Act (TILA) (specifically, 15 U.S.C. §1605[2] and §1662[3]);

2. Violation of the Fair Debt Collection Practices Act (FDCPA)(including 15 U.S.C. §1692j);[4]

(*See* Dkt.#1 at p.7-9 and Dkt.#1-1 Exhibit C at p. 37-39)

### III.    REPLY ARGUMENT

In the Complaint, Plaintiff states Defendant PMG uses a deceptive form to arrange the financing for a vehicle and signed the deceptive form on March 9, 2022. (Complaint, Dkt#1, at p.3; Finance Contract, Exhibit A, Dkt.#1-1 at pp. 29-33, and Exhibit C.)

**1. Claim Against PMG for Violation of the Truth in Lending Act ("TILA")**

Pursuant to 15 USC 1601 the Truth in Lending Act was to

"(a) Informed use of credit The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to

compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices…"

There is no time restriction on when a consumer may utilize the Consumer Protection Act.

### a. Plaintiff Claim for Violation of 15 U.S.C §1662

Defendant PMG used oral advertisement stating that Plaintiff had to put $7,000 down in order to get extension of credit for the vehicle. Which is a violation of 15 U.S.C §1662

"**No advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state**" "**(2)** that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount…"

### b. Plaintiff Claim for Violation of 15 U.S.C. §1605 under the TILA

As the Plaintiff in this case, Charles Brady, I am not stating that PMG violated disclosure terms under the TILA. But PMG violated 15 U.S.C. §1605 by how the finance charge was applied rather than the TILA's disclosures. Pursuant to 15 U.S.C. §1605

"Except as otherwise provided in this section, **the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges**, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit. The finance charge does not include charges of a type payable in a comparable cash transaction…"

Also according to Black's Law Dictionary, the term "*sum*" means

"The sense in which the term is most commonly used is "money"; a quantity of money or currency; any amount indefinitely, a sum of money, a small sum, or a large sum." *sum* Black's Law Dictionary 1603. (Henry Campbell Black, M. A.., 4th revised ed. 1968)….

3

When Congress wrote up 15 U.S.C. §1605 they did not state a small sum or a large sum. Congress stated the sum of all charges. Since PMG used a finance charge in the form which should be a consumer credit transaction, they (PMG) were paid once the consummation of the transaction occurred. PMG creditor and the consumer/creditor (Charles Brady) got a credit extension through SC to pay for the Vehicle using a finance charge.

2. **Plaintiff Claim Against PMG for Violation of 15 U.S.C. §1692j of the Fair Debt Collection Practices Act ("FDCPA")**

Pursuant to 15 U.S.C. §1692j

"(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."

Due to the fact that the Co-defendant Santander Consumer USA ("SC") is using the Form titled Retail Installment Sale Contract Simple Finance Charge as a means to collect on an alleged obligation from the Plaintiff. PMG is in violation of 15 U.S.C. §1692j because they furnished the Form. After the "cease and desist letter" was sent in the mail in August 2022. (Dkt.#1-1 Exhibit A at p. 7-8) PMG became aware of what SC was doing to the Plaintiff from a Form that they created. SC claims the Form was immediately assigned to them but how can a Vehicle that was already paid for be assigned to some else as a debt. SC have been collecting money from Plaintiff on a monthly basis. (Dkt.#1-1 Exhibit D-1 through Exhibit D-17 at p. 42-61)

4

## IV. CONCLUSION

For the foregoing reasons, Plaintiff, Charles Brady respectfully requests that this Court denies Defendant Motion to Dismiss.

Respectfully submitted,

*/s/ Charles Brady*
SIGNATURE OF PLAINTIFF

CHARLES BRADY
PRINTED NAMED OF PLAINTIFF

Date: February 17, 2023

cb4brady@gmail.com

5