IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES BRADY** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **SANTANDER CONSUMER USA and** | : | **NO. 22-5051** |
| **PLATINUM MOTORS GROUP LLC** | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**Perez, J.**                                                                                           **November 5, 2024**

      This case arises from *pro se* Plaintiff Charles Brady ("Plaintiff")'s March 2022 purchase of a 2015 Mercedes-Benz E350 vehicle from Defendant, Platinum Motor Group, LLC ("Platinum"). The car was financed through Defendant Santander Consumer USA ("Santander") pursuant to a Retail Installment Sale Contract Simple Finance Charge (the "Contract") attached to Plaintiff's Complaint. *See* ECF No. 1-1. Citing financial hardship, Plaintiff avers that in August of 2022, he sent a "Right of recission notice, Debt Validation Letter . . . [and] a Cease and Desist" to Defendants, in an apparent attempt to rescind the Contract. ECF No. 1 at 8. Defendants continued to seek repayment of the loan. *Id.* Plaintiff pleads that he has suffered "mental anguish…as well as a lost of time and wages" due to Defendants' refusal to accept his proposed recission of the contract. *Id.* at 4.

      Plaintiff brings suit under several different consumer protection laws, asserting violations of: (1) the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"); (2) the Fair Debt Collection Practices Act, 15 U.S.C. § 1681, et seq. ("FDCPA"); and (3) the Fair Credit Reporting Act, 15 U.S.C. § 1692, et. seq. ("FCRA"). Both Defendants have moved to dismiss Plaintiff's Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motions shall be granted, and Plaintiff's Complaint will be dismissed.

## I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a plaintiff's factual allegations must be enough to raise a right to relief above a speculative level, complaints filed *pro se* must be liberally construed." *Muchler v. Greenwald*, 624 F. App'x 794, 797 (3d Cir. 2015) (cleaned up).

When reviewing a motion to dismiss, courts "must accept the allegations in the complaint as true, but are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quotation marks omitted). "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "However an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (cleaned up). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (quotation marks omitted).

II.   DISCUSSION

1. **The Complaint Fails to Assert a Claim for Violations of the Truth in Lending Act ("TILA")**

Congress intended for the TILA "to assure meaningful disclosure of credit terms" and "to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). "The TILA requires lenders to disclose the cost of credit to borrowers as a dollar amount. This is done by disclosing, among other things, the amount financed, the finance charge, the annual percentage rate, and the total sale price." *Shareef v. Chrysler Cap.*, Civil Action No. 21-3858, 2022 WL 1045533, at *2 (E.D. Pa. Apr. 7, 2022) (citing 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18).

The TILA and its implementing Regulation Z require lenders to disclose to consumers certain material terms clearly and conspicuously in writing, in a form that the consumer may examine and retain for reference. *See* 15 U.S.C. §§ 1631, 1632, 1635, 1638; *Wright v. Mid–Penn Consumer Discount Co.*, 133 B.R. 704, 707-08 (E.D. Pa. 1991). For instance, Section 1632(a) requires that the terms "annual percentage rate" and "finance charge" be disclosed "more conspicuously than other terms, data, or information provided in connection with a transaction, except information relating to the identity of the creditor." 15 U.S.C. § 1632(a).

The Court concludes that the Contract contains all material TILA disclosures. It clearly and conspicuously discloses the terms of the finance charge, including the annual percentage rate, amount financed, number of payments, total sale price, and provides itemization of the amount financed. The Court will now look at the individual violations Plaintiff cites in his Complaint under the TILA.

A.  **Right to Rescind under the TILA**

Plaintiff asserts that Defendant Platinum violated his right of recission pursuant to 15 U.S.C. §1635 of TILA, which provides, in pertinent part:

> In the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction…

15 U.S.C.A. §1635(a). Platinum argues that Plaintiff's TILA claim must be dismissed to the extent it is based on a failure to notify Plaintiff of his right to rescind because the right to rescind only applies to residential mortgages, not auto loans. The Court agrees. Plaintiff's purchase and financing of the vehicle here has no connection to his principal dwelling and thus 15 U.S.C. § 1635 is not applicable. *See West v. Wells Fargo Auto*, No. CV 22-4405-KSM, 2023 WL 199676, at *3 (E.D. Pa. Jan. 17, 2023) ("Courts routinely hold that the right to rescind under § 1635(a) does not apply to the purchase of motor vehicles").

### B.  § 1662 of the TILA

Plaintiff alleges that Platinum "violated 15 U.S.C. §1662 by advertising a down payment is needed of[sic] the extension of consumer credit." ECF No. 1 at 8. Section 1662 addresses the advertising of down payments and installments, providing, *inter alia*, that no advertisement to extend consumer credit may state "that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount." 15 U.S.C. § 1662(2). Plaintiff fails to present the Court with any alleged advertisement and makes no specific allegations implicating Platinum's noncompliance with this section of the statute.

### C.  16 U.S.C. § 1605

Plaintiff alleges that the Finance Contract violated 16 U.S.C. § 1605 by "comparing a finance charge and a cash transaction as being one in the same; when in fact they are noncomparable," alleging further that "the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges." ECF No. 1 at 8.

In defining "finance charge," Section 1605 provides that:

> the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and <u>imposed directly or indirectly by the creditor as an incident to the extension of credit</u>. The finance charge does not include charges of a type <u>payable in a comparable cash transaction</u>.

15 U.S.C. § 1605(a) (emphasis added). Viewing the facts in a light most favorable to Plaintiff, the Court finds that there is nothing in his pleadings to support an allegation that the finance charge listed in the Contract includes any charges "of a type payable in a comparable cash transaction." The Court accepts Platinum's conclusion that "the 'comparison' Plaintiff proclaims a violation of TILA is, in fact, the precise disclosure that the TILA requires, i.e., a disclosure detailing what the consumer would be required to pay if paying in cash vs. what the consumer will pay under the terms of the finance agreement." ECF No. 12 at 13.

2. **The Complaint Fails to Assert a Claim Under the Fair Debt Collection Practices Act ("FDCPA")**

In order to prevail on a claim under the FDCPA, a plaintiff must prove that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Here, the Defendants in this suit are debt collectors.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This term does not include an "employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Id. § 1692a(6)(A). Instead, the target of the FDCPA are "third party collection agents working for a debt owner--not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017).

Applying the definitions of creditor and debt collector to the facts pled in the Complaint, Plaintiff has failed show the Defendants are debt collectors. Instead, both Santander and Platinum are creditors, because neither has a business with the principal purpose of collecting debts that do not belong to them.

3. **The Complaint Fails to State a Claim Against Defendant Santander for Violation of the Fair Credit Reporting Act ("FCRA")**

To state a claim under 1681s-2(b), a plaintiff must sufficiently allege that: (1) he alerted the credit reporting agency of a dispute regarding the allegedly erroneous information that it reported; (2) the crediting agency alerted the furnisher of the credit information of the dispute, which triggers the furnisher's duty to investigate; and (3) the furnisher failed to undertake a reasonable investigation of the disputed credit information.

Plaintiff's FCRA claim fails for several reasons. First, as a threshold matter, Plaintiff has not presented any evidence to suggest that there were any inaccuracies reported on his credit report. Second, he has not demonstrated that he alerted a crediting agency of the alleged mistake. The Court cannot conclude that Plaintiff ever contacted a crediting agency to dispute an inaccuracy.

And finally, Plaintiff failed to plead any facts showing that a crediting agency sent notice of the dispute to Santander.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiff has failed to allege a claim upon which relief may be granted. Therefore, Defendants' motions to dismiss are granted and the Clerk of Courts is directed to close this matter.